FILED by \_\_MM\_\_ D.C.

Mar 2, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-20098-CR-WILLIAMS/REID

21 U.S.C. § 963
21 U.S.C. § 959
18 U.S.C. § 1956(h)
18 U.S.C. § 1956(a)(3)(B)
21 U.S.C. § 853
18 U.S.C. § 982(a)(1)

UNITED STATES OF AMERICA

vs.

HIWLENN LEDEZMA NARVAEZ,
    a/k/a "Gafas,"
    a/k/a "Juba,"
DEIVIS HERNANDO FRANCO ARRIETA,
    a/k/a "Felipe," and
KLODIAN ZAIMI,
    a/k/a "Albano,"
    a/k/a "Albanian,"

            Defendants.
_____/

## INDICTMENT

The Grand Jury charges that:

### COUNT 1

Beginning at least as early as in and around February 2022, the exact date being unknown to the Grand Jury, and continuing until the date of the return of this Indictment, in the country of Colombia, and elsewhere, the defendants,

**HIWLENN LEDEZMA NARVAEZ,**
a/k/a "Gafas,"
a/k/a "Juba," and
**DEIVIS HERNANDO FRANCO ARRIETA,**
a/k/a "Felipe,"

did knowingly and willfully combine, conspire, confederate, and agree with each other and with others known and unknown to the Grand Jury, to distribute a controlled substance in Schedule II, intending, knowing, and having reasonable cause to believe that such controlled substance would be unlawfully imported into the United States, in violation of Title 21, United State Code, Section 959(a); all in violation of Title 21, United State Code, Section 963.

It is further alleged that the controlled substance involved in the conspiracy attributable to each of the defendants, as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, is five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 963 and 960(b)(1)(B).

## COUNT 2

On or about May 2, 2022, in the country of Colombia, and elsewhere, the defendants,

**HIWLENN LEDEZMA NARVAEZ,**
**a/k/a "Gafas,"**
**a/k/a "Juba," and**
**DEIVIS HERNANDO FRANCO ARRIETA,**
**a/k/a "Felipe,"**

did knowingly and intentionally distribute a Schedule II controlled substance, intending, knowing, and having reasonable cause to believe that such controlled substance would be unlawfully imported into the United States, in violation of Title 21, United States Code, Section 959(a), and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 960(b)(1)(B), it is further alleged that this violation involved five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine.

## COUNT 3

On or about August 10, 2022, in the country of Colombia, and elsewhere, the defendants,

**HIWLENN LEDEZMA NARVAEZ,**
**a/k/a "Gafas,"**
**a/k/a "Juba," and**
**DEIVIS HERNANDO FRANCO ARRIETA,**
**a/k/a "Felipe,"**

did knowingly and intentionally distribute a Schedule II controlled substance, intending, knowing, and having reasonable cause to believe that such controlled substance would be unlawfully imported into the United States, in violation of Title 21, United States Code, Section 959(a), and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 960(b)(1)(B), it is further alleged that this violation involved five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine.

## COUNT 4

On or about September 1, 2022, in the country of Colombia, and elsewhere, the defendants,

**HIWLENN LEDEZMA NARVAEZ,**
**a/k/a "Gafas,"**
**a/k/a "Juba," and**
**DEIVIS HERNANDO FRANCO ARRIETA,**
**a/k/a "Felipe,"**

did knowingly and intentionally distribute a Schedule II controlled substance, intending, knowing, and having reasonable cause to believe that such controlled substance would be unlawfully imported into the United States, in violation of Title 21, United States Code, Section 959(a), and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 960(b)(1)(B), it is further alleged that this violation involved five (5) kilograms or more of a mixture and substance containing a detectable

amount of cocaine.

## COUNT 5

Beginning at least as early as in and around June 2022, the exact date being unknown to the Grand Jury, and continuing until the date of the return of this Indictment, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants,

**HIWLENN LEDEZMA NARVAEZ,**
a/k/a "Gafas,"
a/k/a "Juba,"
**DEIVIS HERNANDO FRANCO ARRIETA,**
a/k/a "Felipe," and
**KLODIAN ZAIMI,**
a/k/a "Albano,"
a/k/a "Albanian,"

did knowingly and voluntarily combine, conspire, and agree with each other and with other persons known and unknown to the Grand Jury to commit an offense against the United States, in violation of Title 18, United States Code, Section 1956, that is, to knowingly conduct a financial transaction affecting interstate and foreign commerce involving property, that is, funds and monetary instruments, including United States currency, represented by an individual acting at the direction of, and with the approval of, an authorized Federal official to be proceeds of specified unlawful activity, with the intent to disguise the nature, location, source, ownership, and control of property believed to be proceeds of said specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(3)(B).

It is further alleged that the specified unlawful activity was represented to be importing, distributing, selling, and otherwise dealing in a controlled substance, punishable under the laws of the United States and Colombia.

All in violation of Title 18, United States Code, Section 1956(h).

4

## COUNT 6

On or about August 2, 2022, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**HIWLENN LEDEZMA NARVAEZ,**
a/k/a "Gafas,"
a/k/a "Juba,"
**DEIVIS HERNANDO FRANCO ARRIETA,**
a/k/a "Felipe," and
**KLODIAN ZAIMI,**
a/k/a "Albano,"
a/k/a "Albanian,"

did knowingly attempt to conduct a financial transaction affecting interstate and foreign commerce involving property, that is, funds and monetary instruments, including United States currency, represented by an individual acting at the direction of, and with the approval of, an authorized Federal official to be proceeds of specified unlawful activity, with the intent to disguise the nature, location, source, ownership, and control of property believed to be proceeds of said specified unlawful activity.

It is further alleged that the specified unlawful activity was represented to be importing, distributing, selling, and otherwise dealing in a controlled substance, punishable under the laws of the United States and Colombia.

In violation of Title 18, United States Code, Section 1956(a)(3)(B) and 2.

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants, **HIWLENN LEDEZMA NARVAEZ, a/k/a "Gafas," a/k/a "Juba," DEIVIS HERNANDO FRANCO ARRIETA, a/k/a "Felipe,"** and **KLODIAN ZAIMI, a/k/a "Albano," a/k/a "Albanian,"** have an interest.

2. Upon conviction of any violation of Title 21, United States Code, Sections 959(a) and 963, as alleged in this Indictment, **HIWLENN LEDEZMA NARVAEZ, a/k/a "Gafas," a/k/a "Juba,"** and **DEIVIS HERNANDO FRANCO ARRIETA, a/k/a "Felipe,"** shall forfeit to the United States any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of such violation and any property which the defendant used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

3. Upon conviction of any violation of Title 18, United States Code, Section 1956, as alleged in this Indictment **HIWLENN LEDEZMA NARVAEZ, a/k/a "Gafas," a/k/a "Juba," DEIVIS HERNANDO FRANCO ARRIETA, a/k/a "Felipe,"** and **KLODIAN ZAIMI, a/k/a "Albano," a/k/a "Albanian,"** shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such an offense, or any property traceable to such property.

All pursuant to Title 21, United States Code, Sections 853 and 970, and Title 18, United States Code, Section 982(a)(l), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(l).

A TRUE BILL

FOREPERSON

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

SEAN T. McLAUGHLIN
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: _____

v.

HIWLENN LEDEZMA NARVAEZ,
a/k/a "Gafas," "Juba," et al.,
_____/

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

**Court Division** (select one)
- ☑ Miami
- ☐ Key West
- ☐ FTP
- ☐ FTL
- ☐ WPB

New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of New Counts _____

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) **Yes**
   List language and/or dialect: **Spanish**

4. This case will take **10** days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)
   - I  ☐ 0 to 5 days
   - II ☑ 6 to 10 days
   - III ☐ 11 to 20 days
   - IV ☐ 21 to 60 days
   - V  ☐ 61 days and over

   (Check only one)
   - ☐ Petty
   - ☐ Minor
   - ☐ Misdemeanor
   - ☑ Felony

6. Has this case been previously filed in this District Court? (Yes or No) **No**
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) **No**
   If yes, Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) **No**
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) **No**
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) **No**
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) **No**

By: _____
Sean T. McLaughlin
Assistant United States Attorney
Court ID No.    A5501121

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:**   HIWLENN LEDEZMA NARVAEZ, a/k/a "Gafas," a/k/a "Juba"

Case No: _____

Count #: 1

Conspiracy to distribute five (5) kilograms of cocaine having reasonable cause to believe it will be imported into the United States

Title 21, United States Code, Section 963
* Max. Term of Imprisonment: Life Imprisonment
* Mandatory Min. Term of Imprisonment (if applicable): 10 Years' Imprisonment
* Max. Supervised Release: At least 5 years
* Max. Fine: $10,000,000

Counts #: 2-4

Distribution of five (5) kilograms of cocaine having reasonable cause to believe it will be imported into the United States

Title 21, United States Code, Section 959(a)
* Max. Term of Imprisonment: Life Imprisonment
* Mandatory Min. Term of Imprisonment (if applicable): 10 Years' Imprisonment
* Max. Supervised Release: At least 5 years
* Max. Fine: $10,000,000

Count #: 5

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1956(h)
* Max. Term of Imprisonment: 20 Years' Imprisonment
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 3 years
* Max. Fine: $500,000 or twice the value of the property involved in the transaction

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

Defendant's Name:     HIWLENN LEDEZMA NARVAEZ, a/k/a "Gafas," a/k/a "Juba"

Case No: _____

Count #: 6

Attempted Money Laundering

Title 18, United States Code, Section 1956(a)(3)(B)
* Max. Term of Imprisonment: 20 Years' Imprisonment
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 3 years
* Max. Fine: $500,000 or twice the value of the property involved in the transaction

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: **DEIVIS HERNANDO FRANCO ARRIETA, a/k/a "Felipe"**

Case No: _____

Count #: 1

Conspiracy to distribute five (5) kilograms of cocaine having reasonable cause to believe it will be imported into the United States

Title 21, United States Code, Section 963
* Max. Term of Imprisonment: Life Imprisonment
* Mandatory Min. Term of Imprisonment (if applicable): 10 Years' Imprisonment
* Max. Supervised Release: At least 5 years
* Max. Fine: $10,000,000

Counts #: 2-4

Distribution of five (5) kilograms of cocaine having reasonable cause to believe it will be imported into the United States

Title 21, United States Code, Section 959(a)
* Max. Term of Imprisonment: Life Imprisonment
* Mandatory Min. Term of Imprisonment (if applicable): 10 Years' Imprisonment
* Max. Supervised Release: At least 5 years
* Max. Fine: $10,000,000

Count #: 5

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1956(h)
* Max. Term of Imprisonment: 20 Years' Imprisonment
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 3 years
* Max. Fine: $500,000 or twice the value of the property involved in the transaction

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

Defendant's Name: __DEIVIS HERNANDO FRANCO ARRIETA, a/k/a "Felipe"__

Case No: _____

Count #: 6

Attempted Money Laundering

Title 18, United States Code, Section 1956(a)(3)(B)
* Max. Term of Imprisonment: 20 Years' Imprisonment
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 3 years
* Max. Fine: $500,000 or twice the value of the property involved in the transaction

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: **KLODIAN ZAIMI, a/k/a "Albano," a/k/a "Albanian"**

Case No: _____

Count #: 5

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1956(h)
* Max. Term of Imprisonment: 20 Years' Imprisonment
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 3 years
* Max. Fine: $500,000 or twice the value of the property involved in the transaction

Count #: 6

Attempted Money Laundering

Title 18, United States Code, Section 1956(a)(3)(B)
* Max. Term of Imprisonment: 20 Years' Imprisonment
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 3 years
* Max. Fine: $500,000 or twice the value of the property involved in the transaction

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.